MEMORANDUM **
Harold Kennedy appeals the district court’s order affirming an Administrative Law Judge’s determination that he is not disabled and therefore not entitled to Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83. We have jurisdiction under 28 U.S.C. § 1291 and review the district court’s order affirming the ALJ’s denial of social security benefits de novo, Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir.2005).
At steps four and five of the Social Security Administration’s sequential process for evaluating claims of disability, see 20 C.F.R. § 416.920, the ALJ determined that Kennedy has a residual functional capacity for light work. In reaching this determination, the ALJ rejected the opinions of two treating physicians because, he said, a June 28, 2004 x-ray of Kennedy’s lumbar spine showed only mild disc degeneration. However, the radiologist’s report indicates that the x-ray actually shows moderate to severe disc degeneration at the L2-3 level. This factual error flaws the ALJ’s rationale for rejecting the treating physicians’ opinions. Lester v. Chater, 81 F.3d 821, 830 (9th Cir.1995) (citing Murray v. Heckler, 722 F.2d 499, 502 (9th Cir.1983)).
Furthermore, the ALJ found that Kennedy had provided objective evidence of an impairment that could cause pain, but discredited Kennedy’s testimony regarding the severity and limiting effects of *358 his pain because he takes only over-the-counter medication. Contrary to that finding, the record shows that Kennedy takes prescription-strength ibuprofen and amitriptyline for his back pain. Lester, 81 F.3d at 834.
The ALJ predicated his ultimate ruling that Kennedy is not disabled upon these erroneous findings. We therefore reverse the order of the district court and remand with directions to order the ALJ to reassess Kennedy’s claim.
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.